United States District Court
Southern District of Texas

**ENTERED**

July 14, 2026

Nathan Ochsner, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Mariely Avi Martinez-Castillo, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2081 |
| | § | |
| Patrick Contreras,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

### <u>ORDER DENYING WRIT OF HABEAS CORPUS</u>

Petitioner Mariely Avi Martinez-Castillo is a native and citizen of Honduras who entered the United States illegally in 2019. Docs. 1 ¶ 11, 7-1. She was ordered removed from the United States in 2021, but she appealed the order to the Board of Immigration Appeals. Docs. 7-4, 7-5. In February 2026, she was detained by the Department of Homeland Security. Doc. 1 at 5–6. Petitioner thereafter sought a writ of *habeas corpus* on the grounds that her detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id.* at 12–13. However, the Board of Immigration Appeals ("BIA") has since dismissed her appeal on June 15, 2026. Doc. 7-5. She remains in the custody of Respondent Raymond Thompson, Warden of the Montgomery Processing Center in Conroe, Texas. Doc. 1 at 5.

---

[1] Petitioner named Bret Bradford in his official capacity as United States Immigration and Customs Enforcement and Removal Operations Field Office Director for the Houston area. *See* Doc. 1. Because Mr. Bradford ceased to hold office while this action remained pending, the Court substitutes his successor's name, Patrick Contreras. Fed. R. Civ. P. 25(d).

The Court must first address the statutory authority for Petitioner's continued detention. As of the Petition's filing date, Petitioner was indeed detained pursuant to 8 U.S.C. § 1225(a)(2)(A) while awaiting her final order of removal. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (holding that the mandatory detention of "applicants for admission" required in Section 1225(a)(2)(A) applies to aliens present without admission found within the interior of the United States). However, as noted above, her BIA appeal was dismissed thereafter, and a removal order becomes administratively final when the Board of Immigration Appeals renders a decision affirming the dismissal. Doc. 7-5; 8 U.S.C. § 1101(a)(47)(B)(i); 8 C.F.R. § 1241.1(a) (noting that affirmation includes dismissal). Petitioner's removal order is therefore now final, Doc. 7-4, and her detention is no longer governed by 8 U.S.C. § 1225; but rather falls within the statutorily-mandated 90-day "removal period" found in 8 U.S.C. §§ 1231(a)(1) and 1231(a)(2)(A). This removal period commenced on June 15, 2026, and, as such, 8 U.S.C. § 1231 requires that Petitioner remain detained until September 13, 2026. *See* Doc. 7-5. This renders Petitioner's challenges to her detention under 8 U.S.C. § 1225(b)(2)(A)—constitutional or otherwise—moot.

Therefore, the Court construes the Petition as now challenging Petitioner's continued post-removal-order detention under the Fifth Amendment's Due Process Clause. Doc. 1 at 13. This Court previously resolved this precise challenge, construing *Zadvydas v. Davis* as establishing a brightline rule: once an alien's removal order becomes administratively final, the government may detain the alien for six months to facilitate his deportation without triggering constitutional scrutiny. *Qambari v. Mullin*, No. 4:26-cv-

2547, at 5–7 (S.D. Tex. July 2, 2026) (citing 533 U.S. 678, 682, 701 (2001)). This case is less close than that of *Qambari*, as here, Petitioner remains well within the ninety days of detention required by 8 U.S.C. § 1231(a)(2)(A). Her detention therefore does not even implicate 8 U.S.C. § 1231(a)(6), the statute that permits continued detention beyond ninety days and inspired the *Zadvydas* Court to adopt its six-month presumption. Therefore, until September 13, any due process challenge to Petitioner's detention is properly dismissed as premature.

In sum, because the BIA dismissed Petitioner's appeal, her due process challenge to her detention under 8 U.S.C. § 1225 has been rendered moot. And to the extent the Petition can be construed as continuing to challenge the constitutionality of her *post*-removal-order detention, that detention is statutorily mandated by 8 U.S.C. § 1231(a)(2)(A) and falls well within the six-month period contemplated by the Court in *Zadvydas v. Davis*. Her petition is therefore DENIED WITHOUT PREJUDICE. A final judgment shall be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 14th of July, 2026.

Nicholas J. Ganjei
United States District Judge